**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHISN DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| **KIRK HICKMAN** | ) | | |
| | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | **No:** | **2023 CV 1102** |
| **v.** | ) | | |
| | ) | | |
| **BOARD OF EDUCATION OF HINSDALE** | ) | | |
| **TOWNSHIP, HINSDALE HIGH SCHOOL** | ) | **Plaintiff Demands Trial by Jury** | |
| **DISTRICT 86, and HINSDALE SOUTH** | ) | | |
| **HIGH SCHOOL** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **KIRK HICKMAN**, by and through his attorneys, THE KREAMER LAW GROUP, LLC., and for his Complaint against Defendant, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE HIGH SCHOOL DISTRICT 86**, **and HINSDALE SOUTH HIGH SCHOOL**, states as follows:

## NATURE OF THE CLAIM

This case seeks redress for violations and discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12201 *et. seq*; retaliation under the ADA; failure to accommodate; and hostile work environment, and congruent violations of the Illinois Human Rights Act, 775 ILCS 5/1 *et. seq*. .

## PARTIES

1. Plaintiff, **KIRK HICKMAN** (Plaintiff or Hickman) is a citizen of Illinois and at all relevant times was and is a resident of Frankfort, Will County, Illinois.

1

2. Plaintiff was at all relevant times employed by **HINSDALE SOUTH HIGH SCHOOL,** located at 7401 Clarendon Hills Road, Darien, DuPage County, Illinois, as the Band Director.

3. Defendant **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, (Defendant or Hinsdale) is a public community school district located at 5500 South Grant Street, Hinsdale, DuPage County, Illinois.

4. At all relevant times, **HINSDALE SOUTH HIGH SCHOOL** was and is a school within **HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86**.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §1331, and 29 U.S.C. §2601. *et seq.;* and 42 U.S.C. §12201 *et. seq.* Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

6. The venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b) and (d). The unlawful employment practices alleged arose herein and were committed in the Northern District of Illinois.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has fulfilled all conditions precedent to the institution of this action. He timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as *Exhibit A* of this Complaint.

## **FACTUAL ALLEGATIONS**

8. Plaintiff was employed with Hinsdale South High School District 86 as the Band Director beginning on or about April of 2019, until he was terminated unlawfully on or about March 24, 2022, effective on the last day of the 2021/2022 school year on or about June 3, 2022.

9. At all times during Plaintiff's employment, he performed his job to the legitimate expectations of his employer and beyond.

10. On August 28, 2020, Plaintiff suffered from a severe stroke and was forced to undergo an extensive recovery. The stroke left him with some physical disabilities on his left side, including his left arm, hand, face and leg and some cognitive challenges. Some of his executive functioning skills became more challenging since the stroke which resulted in some organization issues as well. Also, his physical energy was affected which increased physical fatigue levels.

11. Plaintiff's doctors recommended that he have help with administrative and physical tasks when needed.

12. Upon his return to work on or about June 19, 2021, he met with his employer to discuss these reasonable accommodations. It was agreed in writing with his employer that he would receive assistance with administrative tasks for at least the first semester back and that he would have weekly meetings with his department chair to discuss these and any other issues.

13. Plaintiff was able to perform his duties as band director with these conditions, the only accommodations he asked for were to obtain some assistance with

administrative and physical tasks and have weekly meetings to discuss the same and any other issues.

14. Plaintiff was assigned a secretary to assist in administrative tasks, Teri Bruns. From the onset, she refused to perform most of the tasks Plaintiff requested of her and her assistance with, and Teri Bruns resigned on or about September 8, 2021. No other replacement was made for Ms. Bruns to assist Plaintiff with administrative tasks as promised in spite of Plaintiff's complaints about the same. Additionally, in spite of not getting the assistance he was promised, he was left to handle all the administrative tasks and was blamed for any mistakes that resulted from being forced to perform the same.

15. Weekly meetings with Plaintiff's department chair did not take place as consistently as promised, and in fact they rarely happened.

16. Additionally, Plaintiff's classroom was affected by a great deal of building construction which required him to share the stage as his classroom. The stage was consistently used for other meetings or functions. This forced Plaintiff to undertake a tremendous amount of physical activity, including but not limited to moving boxes, equipment, other items, setting up the conductor station, and clearing the stage each day in order to be able to conduct class. This physical activity greatly affected his fatigue levels, physical recovery, and ability to conduct his duties as a teacher.

17. Plaintiff complained about this issue regarding the physical activity he was forced to undertake and the physical toll it had on him to his department chair and the administration several times and was ignored, never receiving any assistance with

4

the same. Instead, Plaintiff was subjected to negative and discriminatory comments from my department chair regarding my "inability to meet the physical requirements of being a teacher."

18. Plaintiff was forced to conduct these physically draining tasks during his recovery in spite of the fact that he was promised assistance and after he complained about not receiving that assistance. This physical activity was at no time a mandatory part of being a teacher.

19. Then, on or about October 6, 2021, Plaintiff was invited to a meeting with human resources, his department chair and the principal and was for the first time confronted about alleged concerns and alleged complaints from some students, parents, and an assistant principal.

20. These alleged concerns and complaints were never brought to Plaintiff's attention prior to this meeting, nor were they ever addressed to him by any student or parent prior. At no time to the present day was Plaintiff ever given the opportunity to address these concerns with the particular students and parents allegedly making them or discuss any proper way to remedy the alleged concerns with them.

21. Plaintiff complained to the human resources coordinator, Cheryl Moore, his department Chair, and the principal about this confrontation at the October 6, 2021 meeting but was refused and denied any opportunity to address any specific alleged concern of any parent or student.

22. Plaintiff also complained again at this meeting about the physical difficulties with having to clear the stage every day and he was told by Cheryl Moore that he was

"being defensive" and that "he was making excuses" and that "he had to figure it out because this is what the band director job entails."

23. Plaintiff was asked by the administration and my department chair several times about when he would be fully healed or back to "normal."

24. Plaintiff was asked by the administration and my department chair several times about what his doctors were saying as far as a timeline for being back to "normal."

25. Then on or about December 4, 2021, Plaintiff was informed again by his department chair about alleged issues or concerns with parents and students but was never confronted directly about these issues by the parents or student, nor given any opportunity afterward to address any of these specific alleged issues or concerns with the students or parents themselves, even after requesting the opportunity to do so.

26. At no relevant time, did any student or parent directly confront Plaintiff with any alleged concern or issue about my performance with him directly.

27. Plaintiff complained several times to the administration about the issues with not receiving administrative help or weekly meetings as promised, about the physical tasks of having to clear the stage and about having the ability to know the exact nature of the alleged complaints from parents and students and the ability to address and correct those directly.

28. All of these complaints were ignored.

29. Then, on February 11, 2022, Plaintiff was called into a meeting with human resources, Cheryl Moore and the principal, Arwen Pokorny and they informed him

that in March 2022, Arwen would make the recommendation to the board that his

employment not be renewed for the next school year.

30. Before the February 11, 2022 meeting started, Plaintiff asked if he could have

union representation with him and was told it would not be needed because they

would just be having an informal talk.

31. Plaintiff was told that no reason would be provided as to this decision, but that

"many concerns" were discussed with him regarding the band.

32. Cheryl Moore informed Plaintiff that "he knew this was difficult information to

hear" and said Plaintiff has access to speak to a counselor.

33. Plaintiff complained immediately that the reason for this decision was because of

his disability and his recovery from his stroke and the references to "many

concerns" were presented to him directly and if they were concerns, he was never

given any opportunity to address them.

34. Plaintiff again complained that the reasonable accommodations that were promised

were never delivered in spite of his many complaints about the same.

35. Since February 11, 2022, Plaintiff was subjected to further retaliation and

harassment from his department chair.

36. Since February 11, 2022 and his return to work after his stroke, on numerous occasions,

Plaintiff's department chair has come into his class while students were present and

berated him in front of them addressing administrative issues that should have been

discussed professionally and in private. Plaintiff requested several times that they talk

about this out of the classroom. He ignored Plaintiff's attempts to schedule time to meet

with him during his planning periods, and instead, he showed up right before or during Plaintiff's classes.

37. Since February 11, 2022, Plaintiff's department chair texted and called him at home when he knew he was out sick on matters that were not emergencies.

38. Since February 11, 2022, on numerous occasions, the department chair continued to address "complaints" he was receiving but failed to provide specifics as to who was complaining and what specifically they were complained about. He also ignored Plaintiff's requests to address these alleged complaints with the alleged complainers directly.

39. Since February 11, 2022, the department chair's negative actions and comments regarding specific grading issues or alleged complaints were always one sided. Any time Plaintiff would try to discuss things calmly and professionally, he was called defensive. Every alleged problem the chair addressed about grading involved simple errors that could be easily corrected, but Plaintiff was not afforded adequate time to make any corrections.

40. The department chair told Plaintiff that his use of accommodations is really just others "Doing my job for me", or what "used to be the band director's job."

41. The department chair unlocked Plaintiff's office and let himself in to discuss random grading issues, knowing Plaintiff was in there without even knocking, violating Plaintiff's privacy.

42. On March 24, 2022, the board officially ended Plaintiff's contract.

43. Any reasons given for Plaintiff's termination and decision not to renew his contract for next school year were and are pretextual.

44. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

45. By the above actions but not limited to the same, Defendant created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, work opportunities, and seriously affected and caused damage and injury to Plaintiff's psychological and physical well-being.

## COUNT I:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

46. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this paragraph as though fully set forth herein.

47. At all times throughout the course of his employment, Plaintiff performed his job to the legitimate expectations of his employer and beyond.

48. At all relevant times discussed and described above, Plaintiff had a disability, and a record of disability within the meaning of the Americans with Disabilities Act, and/or Defendants perceived him as disabled.

49. At all relevant times, Plaintiff could perform his job functions with a reasonable accommodation from his employer.

50. Defendants subjected Plaintiff to differential treatment and adverse actions in the course of his employment after learning of his disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et. seq*., including but not limited to, differences in terms and conditions of his employment, and termination. Any other reason given for said behavior is pretextual.

51. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

52. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff **KIRK HICKMAN** respectfully requests judgment against Defendant, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

**COUNT II:**
**AMERICANS WITH DISABILITIES ACT:**
**DENIAL OF REASONABLE ACCOMMODATIONS**

53. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this paragraph as though fully set forth herein.

54. Defendant was required to provide Plaintiff with a reasonable accommodation under the ADA and were required to engage in an interactive exchange with Plaintiff to determine what reasonable accommodations were available to Plaintiff.

55. Defendants failed and refused to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive exchange as required by the ADA, violating the ADA.

56. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

57. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

WHISEFORE, Plaintiff **KIRK HICKMAN** respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with

Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future

earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages,

compensatory damages for severe emotional distress, pain and suffering, embarrassment,

humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the

expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages

and pre-judgment interest, as well as any other further relief as the Court, deems just and

appropriate.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT:**
**RETALIATION**

58. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this

    paragraph as though fully set forth herein.

59. Plaintiff has a federally protected right to equal treatment in the workplace. He

    attempted to exercise that right by complaining to Defendants through his superiors

    regarding Defendant's flagrantly inappropriate and illegal behavior as outlined above.

60. In addition to Defendant's refusal to address or resolve Plaintiff's complaints,

    Defendant, through its supervisors and agents, also engaged in illegal acts of retaliation

    against Plaintiff, including but not limited to differential treatment and termination.

61. Prior to his termination, Plaintiff complained  about the differential treatment he was

    subjected to due to his disability and for engaging in protected activity in violation of the

    ADA.

62. Plaintiff made requests for  reasonable accommodations due to the complications of his

    stroke as outlined above, but Defendant essentially ignored the same and refused to

engage in any interactive process to discuss any meaningful potential reasonable accommodations.

63. Plaintiff was wrongfully terminated on or about March 24, 2022, in retaliation for the complaints he made concerning Defendant's unlawful conduct under the ADA.

64. As a direct and proximate result of the acts engaged in by Defendants, the Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs, and any other damages allowable under the ADA.

65. The acts mentioned above of Defendants, individually and by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to the Plaintiff's rights under the ADA and justify the awarding of exemplary and liquidated damages in this cause.

66. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHISEFORE, Plaintiff, **KIRK HICKMAN**, respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate him for his injuries and damages caused by Defendant's violation of his rights under the ADA and award Plaintiff all allowable damages under the ADA which may include loss of wages, past, and future, loss of future earnings, loss of career opportunities, loss of employee benefits past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to

13

reputation, court costs, the expense of litigation, expert witness fees, reasonable attorney's fees, punitive and liquidated damages, compensatory damages and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA**

67. Plaintiff repeats and reasserts paragraphs 1-45 above as this paragraph as though fully set forth and re-asserted herein.

68. By the above actions, but not limited to the same, Plaintiff was subject to pervasive and continuous unwelcome harassment at the hands of Defendants, in the terms, conditions, and privileges of employment and/or in interfering with his work opportunities because of his disability, in violation of the ADA.

69. Defendants knew or should have known through Plaintiff's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

70. By the above actions but not limited to the same, Defendants created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, work opportunities, and seriously affected his psychological well-being.

71. Due to its inaction, Defendant condoned and ratified the aforementioned unlawful acts.

72. Defendant's wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Plaintiff's rights.

73. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other

incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs, and other damages allowable under the ADA.

74. The above-mentioned acts of Defendant's by and through its agents were intentional, willful, and wanton, malicious, and oppressive, and in total disregard and reckless indifference to Plaintiff's rights and justify the awarding of exemplary and punitive/liquidated damages in this cause.

75. Plaintiff was wrongfully terminated on or about March 24, 2022, in retaliation for the complaints he made concerning the Defendant's unlawful acts.

76. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHISEFORE, Plaintiff, **KIRK HICKMAN**, respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate his for his injuries and damages caused by the Defendant's violation of his rights and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under the ADA and as the Court deems just and appropriate.

## COUNT V:
## VIOLATION OF THE IHRA - DISABILITY

77. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this paragraph as though fully set forth herein.

78. At all times throughout the course of his employment, Plaintiff performed his job to the legitimate expectations of his employer and beyond.

79. At all relevant times discussed above, Plaintiff had a disability, and a record of disability within the meaning of the Illinois Human Rights Act, and/or Defendants perceived him as disabled.

80. At all relevant times, Plaintiff could perform his job functions with a reasonable accommodation from his employer.

81. Defendant subjected Plaintiff to differential treatment and adverse actions in the course of his employment after learning of his disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/1 *et. seq*., including but not limited to, differences in terms and conditions of his employment, and termination.  Any other reason given for said behavior is pretextual.

82. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

83. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and

other exemplary damages, attorney's fees, costs and other damages allowed under the IHRA.

WHISEFORE, Plaintiff **KIRK HICKMAN** respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate his for his injuries and damages for Defendant's violation of Plaintiff's rights under the Illinois Human Rights Act, and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

## COUNT VI:
## DENIAL OF REASONABLE ACCOMMODATIONS
## IHRA

84. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this paragraph as though fully set forth herein.

85. Defendants were required to provide Plaintiff with a reasonable accommodation under the ADA and were required to engage in an interactive exchange with Plaintiff to determine what reasonable accommodations were available to Plaintiff.

86. Defendants failed and refused to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive exchange as required by the ADA, violating the ADA.

87. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

88. Defendant's actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and his physical well-being to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff **KIRK HICKMAN** respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate his for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of his medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

## COUNT VII:
## RETALIATION IN VIOLATION OF THE IHRA

89. Plaintiff repeats and reasserts the allegations in paragraphs 1-45 of this Complaint as this paragraph as though fully set forth herein.

90. Plaintiff has a federally protected right to equal treatment in the workplace. He attempted to exercise that right by complaining to Defendants through his superiors regarding Defendant's flagrantly inappropriate and illegal behavior as outlined above.

91. In addition to Defendant's refusal to address or resolve Plaintiff's complaints, Defendants, through its supervisors and agents, also engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment and termination.

92. Prior to his termination, Plaintiff complained about the differential treatment he was subjected to due to his disability and for engaging in protected activity in violation of the ADA.

93. Plaintiff made requests for reasonable accommodations as outlined above, but Defendants ignored the same and refused to engage in any interactive process to discuss any potential reasonable accommodations.

94. Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints he made concerning Defendant's unlawful conduct under the ADA.

95. As a direct and proximate result of the acts engaged in by Defendants, the Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and any other damages allowable under the ADA.

96. The acts mentioned above of Defendants, individually and by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to the Plaintiff's rights under the ADA and justify the awarding of exemplary and liquidated damages in this cause.

97. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHISEFORE, Plaintiff, **KIRK HICKMAN**, respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate his for his injuries and damages caused by Defendant's violation of his rights under the ADA and award Plaintiff all allowable damages under the ADA which may include loss of wages, past, and future, loss of future earnings, loss of career opportunities, loss of employee benefits past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, the expense of litigation, expert witness fees, reasonable attorney's fees, punitive and liquidated damages, compensatory damages and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

## COUNT VIII:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE IHRA

98. Plaintiff repeats and reasserts paragraphs 1-45 above as this paragraph as though fully set forth and re-asserted herein.

99. By the above actions, but not limited to the same, Plaintiff was subject to pervasive and continuous unwelcome harassment at the hands of Defendants, in the terms, conditions, and privileges of employment and/or in interfering with his work opportunities because of his disability, in violation of the IHRA.

100. Defendants knew or should have known through Plaintiff's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

101. By the above actions but not limited to the same, Defendants created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, work opportunities, and seriously affected his psychological well-being.

102. Due to its inaction, Defendants condoned and ratified the aforementioned unlawful acts.

103. Defendant's wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Plaintiff's rights under the IHRA.

104. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under the IHRA.

105. The above-mentioned acts of Defendants by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under The IHRA and justify the awarding of exemplary and punitive/liquidated damages in this cause.

106.     Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints he made concerning the Defendant's unlawful acts.

107.     Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHISEFORE, Plaintiff, **KIRK HICKMAN**, respectfully requests judgment against Defendants, **BOARD OF EDUCATION OF HINSDALE TOWNSHIP**, **HINSDALE SOUTH HIGH SCHOOL DISTRICT 86**, in an amount that will fully compensate his for his injuries and damages caused by the Defendant's violation of his rights under The IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under The IHRA and as the Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Respectfully submitted,

**KIRK HICKMAN**

By:   /s/ Joseph E. Urani
         One of his Attorneys

John C. Kreamer (6270111)
Joseph E. Urani (6278626)
The Kreamer Law Group, LLC.
1100 E. Warrenville Road, Ste. 135
Naperville IL 60563
T. 630.995.3668
F. (630) 597-9532