UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIRK HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-cv-01102 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| BOARD OF EDUCATION OF HINSDALE | ) | |
| TOWNSHIP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Kirk Hickman worked as a band director at Hinsdale South High School, but was fired in March 2022. He brings this law suit against the Board of Education of Hinsdale Township, Hinsdale High School District 86, and Hinsdale South High School, alleging violations of the Americans with Disabilities Act (commonly known as the ADA) and the Illinois Human Rights Act, 775 ILCS 5/1 *et. seq.*[1] R. 1, Compl.[2] The Defendants move to dismiss the Human Rights Act claims and all claims against the School District and Hinsdale South. Fed. R. Civ. P. 12(b)(6). R. 12, Mot. For the reasons discussed below, the motion to dismiss is granted in full.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[1]The Court has jurisdiction over the ADA claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the Human Rights Act claims under 28 U.S.C. § 1367.

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

U.S. 544, 570 (2007)). But only a brief summary of the facts is necessary for the pur-poses of this Opinion.

In August 2020, while employed as a band director at Hinsdale South, Hick-man suffered a stroke that left him with " physical disabilities … and some cognitive challenges." Compl. at ¶¶ 8–10. Hickman alleges that, when he returned to work, he was denied reasonable accommodations; suffered a hostile work environment; and was ultimately subject to retaliation and wrongfully fired in March 2022. *See id.* at ¶¶ 8, 34–35, 42–45, 63.

On April 14, 2022, Hickman filed a charge against the District with the Equal Employment Opportunity Commission (EEOC). *See* Mot. at 5; *see also* R. 12-2, Exh. B, Notice of Dismissal at 3. Under the Human Rights Act, this charge would have been automatically cross-filed with the Illinois Department of Human Rights (often referred to as the IDHR) and is deemed by statute to be filed with the IDHR on the same date. 775 ILCS 5/7A-102(A-1)(1). Consistent with that cross-filing, on May 23, 2022, the IDHR notified Hickman that his charge had been automatically filed with the state agency and that Hickman was required to mail a copy of the EEOC's deter-mination to the IDHR within 30 days of receiving the EEOC's determination. Mot. at 5; Notice of Dismissal at 3.

On December 23, 2022, the EEOC emailed Hickman a right-to-sue notice, trig-gering the IHRA's 30-day deadline for Hickman to alert the IHRA of the EEOC's de-termination. Mot. at 5; R. 1-1, Compl. Exh. A, EEOC Right-to-Sue Notice; 775 ILCS 5/7A-102(A-1)(1)(iv). But Hickman did not mail a copy of the EEOC's right-to-sue

notice to the IDHR until February 17, 2023, 56 days after he received the notice. Mot. at 5; Notice of Dismissal at 3. On March 15, 2023, the IDHR issued a Notice of Dismissal for Lack of Jurisdiction due to Hickman's late submission of his EEOC determination. Mot. at 5; Notice of Dismissal at 1, 3. The notice explained that if Hickman disagreed with the dismissal, then he had two options: first, to "[s]eek review of this dismissal before the Illinois Human Rights Commission" by June 20, 2023; and second, to "[c]ommence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice." Notice of Dismissal at 1.

Here in federal court, Hickman's eight-count complaint alleges parallel violations of the ADA (Counts 1 through 4) and Human Rights Act (Counts 5 through 8) against the School District, the Board, and Hinsdale South. *See* Compl. The Defendants move to dismiss the IHRA claims, arguing that Hickman failed to exhaust the administrative process before filing suit. Mot. at 2. The Defendants also move to dismiss all of the claims against the School District and Hinsdale South, arguing that those entities lack the legal capacity to be sued. *Id.*

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Twombly*, 550 U.S. at 555 (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### Exhaustion

Here, however, the Defendants argue that the Illinois Human Rights Act claims should be dismissed because Hickman failed to exhaust the administrative process. *See* Mot. at 3. "Exhaustion of administrative remedies is an affirmative defense that is generally not resolved on a motion to dismiss because a plaintiff 'has no obligation to allege facts negating an affirmative defense in her complaint.'" *Dumka*

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*v. Johnson*, 2015 WL 9268369, at *2 (N.D. Ill. Dec. 19, 2015) (quoting *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006)) (cleaned up). But an exception to this rule applies where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (cleaned up). That is, "a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous …." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

That exception applies here: the exhaustion defense is properly teed up at this stage because the current record is already sufficient to decide whether Hickman failed to exhaust. Hickman attached the EEOC right-to-sue letter to his complaint, which triggered the 30-day deadline, *see* EEOC Notice of Right to Sue at 1. And in his response brief, Hickman attached the IDHR's notice of dismissal for lack of jurisdiction, *see* R. 18-1, Exh. A, which says that Hickman failed to submit to the IDHR a copy of the EEOC's determination within 30 days after service of the determination, as required by law. Because "all relevant facts are presented" at this stage to decide whether Hickman failed to exhaust, the Court may decide the exhaustion argument at this stage. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). In reality, then, this dismissal motion is being treated as a motion for judgment on the pleadings under Civil Rule 12(c). *Id.* at 690; *Brooks*, 578 F.3d at 579.

### III. Analysis

### A. Exhaustion of Administrative Process

Before initiating a suit under the Human Rights Act, "plaintiffs must file a charge of discrimination with the [IDHR]." *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 920 (N.D. Ill. 2021). "[T]he complainant may then file a civil suit after (1) she receives a final report from the IDHR, or (2) the IDHR fails to issue a report within a year after the charge is filed." *Baranowska v. Intertek Testing Servs. NA, Inc.*, 2020 WL 1701860, at \*3 (N.D. Ill. Apr. 8, 2020) (citing 775 ILCS 5/7A-102(D), (G)). When a charge is filed with the EEOC in Illinois, it is then automatically cross-filed with the state-agency counterpart, the IDHR. *See* 775 ILCS 5/7A-102(A-1)(1). The IDHR will "take no action" until the "EEOC makes a determination on the charge and after the complainant notifies the [IDHR] of the EEOC's determination." *Id.* After the EEOC makes its determination, the Human Rights Act requires that the complainant "submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on [the] complainant." 775 ILCS 5/7A-102(A-1)(1)(iv). At that time, the IDHR will either accept this determination or begin an independent investigation. *Id.*

The Defendants argue that Hickman failed to exhaust the administrative process because he did not comply with the 30-day deadline to notify the IDHR of the EEOC's determination. Mot. at 3–7; R. 19, Reply at 3–6. In response, Hickman relies primarily on an opinion issued in the Southern District of Illinois, *Laurie v. BeDell*,

6

2017 WL 1076940 (S.D. Ill. Mar. 22, 2017). R. 18, Resp. at 3–5. But *Laurie* does not hold that a plaintiff has properly exhausted administrative remedies despite the failure to timely notify the IDHR of the EEOC's determination. Instead, *Laurie* primarily addressed whether federal courts had supplemental *jurisdiction* over Human Rights Act claims before obtaining a final order from the Illinois Human Rights Commission. *Id.* at *3–4. The opinion explained that, before the enactment of a 2008 amendment to the Human Rights Act, no court had jurisdiction over a claim under the Act until the Human Rights Commission had issued a finding. *Id.* at *3. The 2008 amendment then gave courts (both state and federal) jurisdiction over claims under the Act even if the Commission had not yet acted. *Id.* at *3. But all of that pertains to *jurisdiction*— which is not the same as exhaustion of administrative remedies. No one doubts that federal courts have supplemental *jurisdiction* over Human Rights Act claims that arise out of the same operative facts as analogous federal discrimination claims. The Defendants here present an *exhaustion* argument, and nothing in the 2008 amendment excuses a plaintiff from a failure to inform the IDHR of the EEOC's determination. Because the issue here is failure to exhaust administrative remedies—and not supplemental jurisdiction—*Laurie* is inapt.

Indeed, other courts in this District have similarly distinguished *Laurie*. *See, e.g.*, *Donald*, 539 F. Supp. 3d at 921; *see also Gray v. Vill. of Hazel Crest*, 2022 WL 2181428, at *4 (N.D. Ill. June 16, 2022). In *Donald*, for example, the plaintiff relied on *Laurie* to argue that she had properly exhausted the administrative process despite failing to submit the EEOC determination to the IDHR within 30 days of service.

7

539 F. Supp. 3d at 920–21. The court there disagreed with *Laurie*'s conclusion that the plaintiff's receipt of a notice of dismissal—without a timely notification to the IDHR of the right-to-sue letter—was sufficient for exhaustion purposes (if indeed *Laurie* concluded that). *Id.* at 921. The failure to timely forward the EEOC's determination to the IDHR results in a failure to exhaust the administrative process that ultimately "dooms" the complainant's subsequent lawsuit. *Id.*

Likewise, in *Gray*, the plaintiff also cited *Laurie* to argue that she exhausted the administrative process despite her late submission of the EEOC determination to the IDHR. 2022 WL 2181428, at *3. *Gray* rejected this argument and was instead persuaded by *Donald*'s conclusion that a late submission results in a failure to exhaust the administrative process and that the IDHR's notice of dismissal itself "lacked legal effect." *Id.* at *3–4; *see also Surgit v. City of Chicago*, 2023 WL 2746000, at *4 (N.D. Ill. Mar. 31, 2023) (because the plaintiff failed to notify the IDHR of the EEOC's determination within 30 days, "she failed to exhaust her administrative remedies with regard to her IHRA claim."); *Jafri v. Signal Funding LLC*, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019); *Ball v. Roeslein & Assocs., Inc.*, 2020 WL 4673136, at *7 (S.D. Ill. Aug. 12, 2020).

Hickman tries to distinguish his case from those cited by the Defendants, but the arguments are unpersuasive. *See* Resp. at 4–5. For instance, Hickman contends that the facts in *Donald* are "dramatically different" from his case because the plaintiff in *Donald*, unlike Hickman, chose to opt out of the IDHR investigation altogether. Resp. at 4; *Donald*, 539 F. Supp. 3d at 921. But *Donald* did not hold that the plaintiff

failed to exhaust the administrative process simply because she opted out of the IDHR investigation. *See* 539 F. Supp. 3d at 920–21. Rather, the court in *Donald* based its decision on "Donald's failure to forward the EEOC determination to the IDHR within the 30-day period," which, like here, "doom[ed] [the plaintiff's] claim." *Id.* at 921. Likewise, Hickman tries to distinguish *Ball v. Roeslein & Assocs., Inc.* by pointing out that there the IDHR never issued a Notice of Dismissal or any other correspondence to the plaintiff. 2020 WL 4673136 (S.D. Ill. Aug. 12, 2020); Resp. at 5. But this difference is immaterial to *Ball*'s holding that the plaintiff "failed to provide facts that she submitted a copy of the EEOC's determination to the [IDHR] within 30 days after service of the determination." 2020 WL 4673136, at *6–7.

Finally, Hickman critiques *Jafri*'s characterization of *Laurie* as inaccurate. *See* Resp. at 5. But *Jafri* correctly dismissed the plaintiff's Human Rights Act claims because the plaintiff failed to comply with the 30-day deadline and thus did not exhaust the claims. 2019 WL 4824883, at *2. Further, Hickman does not dispute *Jafri*'s reasoning for the dismissal. That is, *Jafri* persuasively points out that the Humans Right Act "unambiguously states that a complainant must timely submit an EEOC determination to the IDHR" and that this requirement is in "same section of the statute requiring that administrative complaints be filed with the EEOC or the IDHR within 300 days of a violation's occurrence, and that a civil action must be filed within 90 days of the administrative determination." *Id. Jafri* noted that it was "uncontroversial" that failure to comply with the 90-day and 300-day deadlines would require dismissal and there was "no reason" why the 30-day deadline would be treated any

differently. *Id*. This is persuasive reasoning. *See Gray*, 2022 WL 2181428, at *3 (agreeing with *Jafri*'s "salient point" that "there is no good reason to treat the 30-day deadline differently from the other deadlines").

It bears emphasizing that requiring the exhaustion of administrative remedies (including through these statutory deadlines) exists for a reason. *Jafri*, 2019 WL 4824883, at *2. Indeed, even *Laurie* explained that "[r]equiring the exhaustion of administrative remedies allows the administrative agency to fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary." *Laurie*, 2017 WL 1076940, at *3 (quoting *Arvia v. Madigan*, 809 N.E.2d 88, 96 (Ill. 2004)). And because the IDHR is the main agency administering the Human Rights Act, it makes sense that the IDHR would want timely notification of the EEOC's determination of claims related to the Act. A late submission of an EEOC determination to the IDHR would thus impede the IDHR's decision-making process on a charge.

Under Hickman's view of the exhaustion requirements, his mere receipt of a notice of dismissal letter (without timely notification to the IDHR as required by the statute) constitutes exhaustion, enabling him to sue on the merits in federal court. If this were the case, however, then complainants would be able to sue on the merits of a case, regardless of whether they properly exhausted administrative processes—thus rendering the 30-day requirement (and the exhaustion requirement itself) superfluous.

It is true that, as Hickman points out, the IDHR's Notice of Dismissal authorizes the recipient to "[c]ommence a civil action in the appropriate state circuit court within ninety (90) days." Resp. at 4; Notice of Dismissal at 1. But it is no surprise that the IDHR, an administrative agency subject to judicial review, would include a right-to-sue clause in its dismissal notices. Having said that, this right-to-sue clause does not give Hickman a right to file a suit on the *merits* of his case despite a failure to exhaust. Instead, at most the Notice gives him permission to challenge the grounds for the dismissal itself, that is, his failure to timely notify the IDHR of the EEOC determination. *See* Notice of Dismissal at 1, 3. In other words, the Notice's right-to-sue clause is *not* an invitation for Hickman to sue on the merits of his case after he failed to comply with the IHRA's deadline. Hickman (and others similarly situated) would be able to challenge only the finding that the notification was untimely (a point that he does not dispute here). In sum, the Human Rights Act claims (Counts 5 through 8) are dismissed for failure to exhaust.

## B. The School District and the High School

Next, the Defendants argue that only the Board can be sued, and that the School District and Hinsdale South High School are not amenable to suit. *See* Mot. at 2–3. In response, Hickman seemingly appeals to the doctrine of "misnomer." Resp. at 6. But "a misnomer occurs when a plaintiff identifies the right party in the complaint but uses an incorrect name." *Akbar v. Savoy Squares*, 2020 WL 4676665, at *5 (N.D. Ill. Aug. 12, 2020) (citing *Athmer v. C.E.I. Equip. Co.*, 121 F.3d 294, 296 (7th Cir. 1997)) (cleaned up). "In other words, the misnomer provision applies only when the

right defendant has been sued by the wrong name, *not when the wrong defendant has been sued.*" *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) (emphasis added).

The Court agrees with the Defendants that Hickman's application of the misnomer doctrine "misses the mark." Reply at 6. Here, Hickman sued the proper party (the Board) under its proper name. *See* Compl. at 1. As the Defendants point out, the issue is not that Hickman sued the proper party under the wrong name, but that he included the School District and Hinsdale South as additional defendants in the suit when both were not amenable to suit under well-established precedent. Reply at 6; Compl. at 1.

Hickman next argues that "[n]othing within the Illinois School Code, or the cases cited by Defendant mandate that a Plaintiff is barred from naming the board of education as well as the specific district and school in order to avoid any issue of waiver." Resp. at 6. It is true that the Illinois School Code "does not say that a school district categorically lacks the capacity to sue or be sued." *Smoler v. Bd. of Educ. for W. Northfield Sch. Dist. #31*, 524 F. Supp. 3d 794, 802 (N.D. Ill. 2021). But a school district or high school only has the capacity to "be sued if a statute expressly permits it." *Id.*; *Medina as next friend for N.M. v. Izquierdo*, 594 F. Supp. 3d 1045, 1063 (N.D. Ill. 2022). And the Illinois School Code expressly permits *a school board*—not a school district or school—to be sued. *Klean v. Bd. of Educ. of Proviso Twp. Sch. Dist. 209*, 2010 WL 3732218, at *2 (N.D. Ill. Sept. 17, 2010); 105 ILCS 5/10-2. Thus, the Board—not the School District or the School—is amenable to suit. *See Snow v. J. Sterling*

12

*Morton High School District 201*, 2016 WL 5391222, at \*2 (N.D. Ill. 2016). All counts against the School District and Hinsdale South are dismissed.

### IV. Conclusion

The Defendants' partial motion to dismiss is granted. The Human Rights Act claims are dismissed, as are all claims against the District and Hinsdale South. The Defendants' motion does not target Hickman's federal ADA claims against the Board, so those ADA claims may proceed against the Board.

ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 29, 2023